# EXHIBIT

# 7

# UNITED STATES OF AMERICA

## DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION
## SUBPOENA DUCES TECUM

TO:  Custodian of Records

<u>Del Monte Fresh Produce (Southwest), Inc.
14550 W. La Estrella
Goodyear, AZ 85338</u>

---

You are hereby required to appear before <u>District Director Eric Murray, Phoenix District Office</u> of the WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR, at <u>230 North 1st Avenue, Suite 402</u> in the City of <u>Phoenix</u>, <u>Arizona 85003</u> on the <u>8th</u> day of <u>November, 2011</u>, at <u>10:00</u> o'clock <u>a</u>.m. of that day, to testify and to bring with you and produce at that time and place, all books, documents, and other tangible things hereby demanded of <u>Del Monte Fresh Produce (Southwest), Inc. covering the period from July 22, 2011 to October 19, 2011</u>, and regarding all the other matters which are specifically described in the Attachment # 1 attached hereto and made a part of this subpoena by this reference.

**FAIL NOT AT YOUR PERIL**



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at <u>San Francisco</u>, <u>CA</u>, on this <u>1</u> day of <u>November</u> 2011.

REGIONAL ADMINISTRATOR, WAGE AND HOUR DIVISION,
UNITED STATES DEPARTMENT OF LABOR

NOTICE TO WITNESS: If a claim is made for witness fees or mileage, this subpoena should accompany voucher.

## ATTACHMENT # 1 TO SUBPOENA
## DIRECTED TO
## Del Monte Fresh Produce (Southwest), Inc.

A. **DEFINITIONS**

1. "Your Firm", "you" or "your" shall include Del Monte Fresh Produce (Southwest), Inc. and any trade names, predecessors, successors, affiliates or parent companies.

2. "S & H Farm Labor, LLC" shall include any predecessors, successors, subsidiaries, contractors, affiliates or parent companies.

3. "FLSA" refers to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

4. "Document" shall mean writings and recordings pursuant to Fed. R. Evid. 1001, including letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, and shall include the original and all nonidentical copies, all drafts even if not published, disseminated, or used for any purpose, and all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any documents to be produced pursuant to this subpoena.

5. "Communication" shall mean any written, oral or electronic transfer of information from one person to another.

6. "Relating to" or "reflecting," including their various forms such as "relate to" and "reflect," shall mean containing, stating, discussing, constituting, showing, describing, consisting of, making reference to, or having any logical or factual connection with the matter discussed.

7. "All" or "any" shall be construed as necessary to make the request inclusive rather than exclusive.

8. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9. "Including" shall mean including, but not limited to.

10. "Goods" shall mean any wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof.

B. **INSTRUCTIONS**

1. This subpoena seeks all responsive documents in your actual or constructive possession, custody, care or control. This includes documents from all files, wherever located and whether active, in storage or otherwise, including all such responsive documents in

personal files or files of any person acting on your behalf or under your direction or control, such as your employees, accountants, consultants, agents, attorneys, or advisors.

2. If any document responsive to this subpoena is no longer in your actual or constructive possession, custody, care or control, indicate what disposition was made of the document, the date or dates on which such disposition was made, and the reason for such disposition.

3. Whenever appropriate, the singular form of a word shall be interpreted to mean the plural and vice versa, and the present tense shall be construed to include the past tense and vice versa. All words and phrases shall be construed as masculine, feminine or gender neutral, according to context.

4. Where a request seeks documents "sufficient" to show specified information, in lieu of producing documents, you may submit a sworn affidavit attested to by an authorized representative that provides the requested information.

5. If any document responsive to this subpoena is withheld on a claim of privilege,

   a. identify the document by title, date, sender, addressee, name of any person who received a copy, general description; and

   b. state the basis for the privilege raised and information sufficient to permit a determination as to whether the claim is properly raised.

6. Unless otherwise stated, the time period covered by this subpoena is from **July 22, 2011 through October 19, 2011**

## C. DOCUMENTS REQUESTED

1. All invoices and purchase orders between Your Firm and S & H Farm Labor, LLC.

2. All documents, in your possession, custody, care or control, related to Goods handled or worked on by S & H Farm Labor, LLC, including invoices, and all other documents identifying Goods received from S & H Farm Labor, LLC.

3. Documents sufficient to show the names, addresses, and phone numbers of all of Your Firm's retail clients or customers that have received Goods that were handled or worked on by S & H Farm Labor, LLC.

4. All documents regarding Goods handled or worked on by S & H Farm Labor, LLC that were shipped to Your Firm's retail clients or customers showing the number of units shipped, numbers of items shipped, date of shipment to the customers, date of delivery to the customers (if known), and dollar amount paid.

5. All documents showing Your Firm's current inventory of Goods handled or worked on by S & H Farm Labor, LLC including but not limited to documents showing the number of units of unsold Goods, and present location of the Goods. The time period for this request is for the current time period up through the date of response.